NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 6 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE ANGEL ORTIZ GUTIERREZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-2878

Agency No.
A213-083-462

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 10, 2025
Pasadena, California

Before: CALLAHAN, DESAI, and DE ALBA, Circuit Judges.
Partial dissent by Judge CALLAHAN.

Jose Angel Ortiz Gutierrez petitions for review of a Board of Immigration

Appeals ("BIA") order upholding an Immigration Judge's ("IJ") decision denying

his applications for asylum, withholding of removal, and protection under the

Convention Against Torture ("CAT"). We grant the petition in part, deny in part,

and remand to the BIA for further proceedings.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

"When the BIA adopts the IJ's decision with a citation to *Matter of Burbano*[, 20 I. & N. Dec. 872, 874 (B.I.A. 1994),] and also adds its own comments, as it did here, we review the decisions of both the BIA and the IJ." *Gonzalez-Castillo v. Garland*, 47 F.4th 971, 976 (9th Cir. 2022) (citation omitted). "We review factual findings for substantial evidence and legal questions de novo." *Manzano v. Garland*, 104 F.4th 1202, 1206 (9th Cir. 2024) (citation omitted). "Under the substantial evidence standard, we uphold the agency's determination unless 'compelled to conclude to the contrary.'" *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019) (citation omitted).

1.      Ortiz Gutierrez fails to challenge the IJ's and BIA's rulings that his asylum application was time barred, and therefore, has forfeited any challenge to the rulings. *See Ghahremani v. Gonzales*, 498 F.3d 993, 997–98 (9th Cir. 2007). Moreover, substantial evidence supports the rulings. Ortiz Gutierrez did not file his application within one year of entering the United States and does not argue that an exception to the deadline applies. *See Singh v. Holder*, 656 F.3d 1047, 1052 (9th Cir. 2011).

2.      An applicant for withholding of removal must prove that a cognizable protected ground is "a reason" for their persecution, meaning the persecutors were motivated "at least in part" because of the protected ground. *Corpeno-Romero v. Garland*, 120 F.4th 570, 580 (9th Cir. 2024).

The government contends that Ortiz Gutierrez failed to exhaust the administrative remedies necessary to challenge the BIA's determination that there was no nexus between his alleged persecution and his membership in a particular social group. To satisfy the exhaustion requirement, the petitioner must first raise any non-constitutional legal claim "in the administrative proceedings below," in a manner "sufficient to put the BIA on notice of what was being challenged . . . ." *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020).

Ortiz Gutierrez put the BIA on notice of his contention on appeal: that the Tolucos persecuted him because of his family membership. Ortiz Gutierrez expressly stated in his notice of appeal and appellate brief to the BIA that the "particular social group" on which he based his claims was his "family unit," or "nuclear family." He further explained in his appellate brief that the Tolucos "vowed to exterminate [his] family" and described the Tolucos' attacks. That Ortiz Gutierrez did not specifically use the term "particular social group" when discussing the attacks before the IJ is immaterial. *See Bare,* 975 F.3d at 960 (explaining that the exhaustion requirement "does not require the issue to have been raised in a precise form during the administrative proceeding"); *Honcharov v. Barr*, 924 F.3d 1293, 1296 n.2 (9th Cir. 2019) ("An issue may be presented to the Board for the first time on appeal and thus grant us jurisdiction to entertain it . . .

.").[1]

The evidence compels a finding that the Tolucos were motivated at least in part to attack Ortiz Gutierrez because of his family membership. Ortiz Gutierrez testified that the Tolucos developed animosity for his father, and told his father they were going to "finish off [his] entire family," after his father complained to local authorities that the Tolucos cut off the family's water supply. The Tolucos then attacked Ortiz Gutierrez's father with a machete and ambushed and shot at Ortiz Gutierrez and his two brothers with a gun. On another occasion, they ambushed Ortiz Gutierrez, threatened to kill him if they did not "finish [him] off that day," and beat him until he was unconscious. Regardless of whether the Tolucos had other motives for the attacks, the evidence compels a finding that

---

[1]  In his Opening Brief, Ortiz Gutierrez did not specifically argue that the BIA erred in ruling that he failed to challenge the IJ's nexus determination before the BIA. While "[w]e generally do not consider issues that are not raised in the appellant's opening brief . . . th[e] rule is subject to exceptions"; notably where, as here, the issue "is raised in the appellee's brief." *Lui v. DeJoy*, 129 F.4th 770, 780 (9th Cir. 2025) (internal quotation marks and citations omitted). The government contended in its Answering Brief that Ortiz Guiterrez's BIA brief "lacked any meaningful challenge to the immigration judge's [nexus] determination" and that Ortiz Gutierrez "offer[ed] for the first time on judicial appeal a claim that he is a member of a particular social group made up of his own family." Because the record reflects these arguments are factually incorrect and plainly without merit, we exercise our discretion to consider and reject them. The dissent also suggests that during oral argument, Ortiz Gutierrez conceded he waived his challenge. But counsel later clarified, "I did argue [nexus] with the BIA, they just kind of rejected the argument." *See* Oral Argument at 4:04–4:10, Ortiz Guiterrez v. Bondi, No. 24-2878 (9th Cir.), https://www.youtube.com/watch?v=JyFxKNKb4Qs.

Ortiz Gutierrez's family membership was at least "a reason" for the attacks. *See Madrigal v. Holder*, 716 F.3d 499, 506 (9th Cir. 2013) (explaining that the petitioner may satisfy nexus requirement even where "a retributory motive exists alongside a protected motive"); *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021) ("A person may have 'a reason' to do something that is not his 'central' reason or even 'one central reason'" (citation omitted)).

3.    To qualify for protection under CAT, a petitioner must show "a chance greater than fifty percent that he will be tortured if removed." *Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1154 (9th Cir. 2022) (citation omitted). Substantial evidence supports the BIA's and IJ's findings that Ortiz Gutierrez failed to prove he would more likely than not suffer torture if removed to Mexico. Several of Ortiz Gutierrez's family members continued to live in his hometown after he left, the family had regained access to water, and the Tolucos had not harassed them for the last twenty years. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 707 (9th Cir. 2022) ("With no evidence of threats or harm since Petitioner was kidnapped more than ten years ago, the record certainly does not *compel* the conclusion that Petitioner faces any ongoing or particularized threat of torture."); *Dawson v. Garland*, 998 F.3d 876, 882 (9th Cir. 2021) ("The inference that future torture is likely to recur breaks down where 'circumstances or conditions have changed significantly, . . . with respect to the particular

individual'" (citation omitted)).

For these reasons, we grant Ortiz Gutierrez's petition as to his application for withholding of removal, deny the petition as to his applications for asylum and CAT protection, and remand to the BIA for further proceedings.

**PETITION GRANTED IN PART, DENIED IN PART, AND REMANDED.**

*Ortiz Gutierrez v. Bondi*, No. 24-2878
CALLAHAN, Circuit Judge, dissenting in part

I concur in the denial of the petition with respect to asylum and protection under the Convention Against Torture ("CAT").  But I dissent from the majority's decision to grant the petition and remand with respect to withholding of removal.

Before he obtained counsel, the petitioner, Jose Angel Ortiz Gutierrez, applied for all three forms of relief.  At the beginning of the hearing before the IJ, however, Ortiz Gutierrez's counsel candidly recognized that his client does not merit asylum and withholding of removal.  Counsel explained that Ortiz Gutierrez "wasn't aware of the rules" when he applied, and counsel conceded: "I don't see where [Ortiz Gutierrez] falls within a recognized particular social group" ("PSG") for asylum or withholding of removal.  Nevertheless, counsel declined to withdraw those applications, because doing so could have jeopardized Ortiz Gutierrez's ability to "renew his work permit."  So, the hearing proceeded on all forms of relief.

At the hearing, Ortiz Gutierrez testified that back when he was still living in his hometown of Indaparapeo, Mexico, around 1998 or 1999, another family in the area called the "Tolucos" violently attacked members of his family, including Ortiz Guiterrez himself.  When the IJ asked why the Tolucos had attacked them, Ortiz Guiterrez testified that the attacks started in response to his father reporting the Tolucos to the police for cutting off their family's water.  After Ortiz Gutierrez fled

to the United States, the dispute was settled, and Ortiz Gutierrez's family members have not had any incidents with the Tolucos since 2003 or 2004.

The IJ denied asylum and withholding of removal. Among other things, the IJ found that Ortiz Guiterrez had failed to show a nexus to a protected ground, given that Tolucos' attacks were "due to" the "feud between families over water rights." The BIA dismissed Ortiz Gutierrez's appeal, agreeing with the IJ that Ortiz Gutierrez had failed to show a nexus and separately concluding that Ortiz Gutierrez had waived any challenge to the IJ's no-nexus finding by failing to meaningfully challenge it on appeal.

In his petition before this court, Ortiz Guiterrez did not challenge the BIA's holding that he had waived any challenge to the IJ's no-nexus finding. Moreover, at oral argument, Ortiz Guiterrez's counsel conceded that with respect to "asylum and withholding," the Government "did a good job in briefing in pointing out . . . several defects in [Ortiz Guiterrez's] case," including that he had first proposed the PSG of Ortiz Guiterrez's family before the BIA and that in his briefing before the BIA, he offered "no real meaningful analysis of any nexus" to the "specified group." Oral Argument at 1:45-2:54, *Ortiz Guiterrez v. Bondi*, No. 24-2878 (9th Cir.), https://www.youtube.com/watch?v=JyFxKNKb4Qs.

In sum, at every stage, Ortiz Guiterrez has effectively waived his claim for withholding of removal. And his failure to challenge the BIA's holding that he

waived any challenge to the IJ's no-nexus finding is itself a sufficient reason to deny the petition. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020) (a petitioner waives an argument "by failing to 'specifically and distinctly' discuss the matter in [his] opening brief" (citation omitted)). Undeterred by this compounding waiver, the majority constructs an exhaustion argument on Ortiz Guiterrez's behalf. But it is not our role to make arguments for parties—and especially not when the parties have affirmatively waived the arguments away. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) ("in our adversarial system of adjudication," "'we rely on the parties to frame the issues for decision'" and play "'the role of neutral arbiter of matters the parties present'" (citation omitted)).

Even putting aside these issues of waiver and party presentation, the Agency did not err. The nexus requirement is satisfied only when a persecutor "actually want[s] to harm the petitioner based on [his] protected characteristic"; the protected characteristic must "intrinsically motivate[] the persecutor to harm a victim." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1020 n.2 (9th Cir. 2023). Even assuming that Ortiz Gutierrez's claimed PSG of his family is cognizable,[1] the

---

[1] *See Garcia v. Wilkinson*, 988 F.3d 1136, 1143 (9th Cir. 2021) (assuming "for the sake of argument that" the petitioner's claimed PSGs were "cognizable social groups for purposes of evaluating the BIA's nexus determination" (citation omitted)).

IJ and the BIA reasonably found that the nexus requirement was not satisfied because the Tolucos did not harbor any animus towards his family per se and instead were purely motivated to settle the ongoing dispute about water access. In other words, the IJ and the BIA reasonably found that this case "does not present . . . mixed motives" but only one motive. *See id.*

In *Garcia v. Wilkinson*, 988 F.3d 1136 (9th Cir. 2021), we recognized that certain "sweeping retaliation towards a family unit over time can demonstrate a kind of animus distinct from 'purely personal retribution.'" *Id.* at 1145 (quoting *Parada v. Sessions*, 902 F.3d 901, 910 (9th Cir. 2018)). But we did not erase the distinction between the two. In *Garcia*, the record compelled a finding of a distinct animus towards the petitioner's family because the gang continued to pursue a sustained campaign against the family's members long after the gang had murdered the father with whom they had a dispute. Here, by contrast, once the Tolucos' dispute with Ortiz Gutierrez's father came to an end, so too did their attacks. The record simply does not compel a finding of a distinct animus towards Ortiz Gutierrez's family. *See Meza-Islas v. Garland*, No. 22-1917, 2024 WL 1461365, at *1 (9th Cir. Apr. 4, 2024) ("Substantial evidence supports the IJ's determination that [the petitioner's] past harm was not on account of a protected ground but was linked to a personal vendetta between families."); *Hernandez-Sanchez v. Wilkinson*, 846 Fed. App'x. 435, 4337 (9th Cir. 2021) ("The record

does not compel a conclusion contrary to the BIA's determination that revenge, and not Petitioner's family membership, motivated the cartel member's family's actions toward Petitioner and his cousins. . . . The cartel member's family's focus on revenge, as opposed to any motivation to harm the family per se, is further supported by the fact that Petitioner's grandparents continue to reside safely in Mexico." (citations omitted)).

Because we should have denied the petition in full, I respectfully dissent.